43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Dalton FROST, Defendant-Appellant.
 No. 94-5003.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1994.
Decided Dec. 20, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge.
 ARGUED: Andrew M. Stephens, Lexington, KY, for appellant.
 Kenneth Davis Bell, First Asst. U.S. Atty., ON BRIEF: Mark T. Calloway, U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER and HALL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 On April 19, 1993, the day prior to his scheduled trial, appellant Billy Dalton Frost tendered pleas of guilty to conspiracy to possess with intent to distribute a quantity of cocaine in violation of Title 21, U.S.C. Sec. 846, and also of using or carrying a firearm during a drug trafficking offense in violation of Title 18 U.S.C. Sec. 924(c)(1). The court conducted a full Rule 11 proceeding at the conclusion of which the court found the pleas to be voluntary and knowingly made. The court accepted the guilty pleas and postponed sentencing awaiting completion of a presentence report, which was filed June 29, 1993. The defendant made no objections to this report.
 
 
 2
 On September 20, 1993, appellant, through different counsel, moved to withdraw his guilty pleas. On September 27, 1993, the case was called for sentencing and his original counsel moved to withdraw. The court granted this motion and conducted a hearing, during which testimony was taken and arguments were made on the motion to withdraw the pleas. This hearing was continued until October 7, 1993, when additional witnesses testified and oral arguments were presented. The motion to withdraw the pleas was denied and appellant was sentenced. He now appeals the district court's refusal to set aside his guilty pleas.
 
 
 3
 Withdrawal of a plea of guilty is authorized by Federal Rule of Criminal Procedure 32(d) which provides:
 
 
 4
 Plea Withdrawal. If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon the showing by the defendant of any fair and just reason. At any later time, the plea may be set aside only on direct appeal or by motion under 28 U.S.C. Sec. 2255.
 
 
 5
 This court has concluded that the decision to permit a defendant to withdraw a guilty plea is discretionary, and review by the Court of Appeals is limited to the question of whether the district court abused its discretion. See United States v. Lambey, 974 F.2d 1389 (4th Cir.1992) (en banc). We have carefully reviewed the record, studied the briefs and considered the able oral argument of counsel. We find no abuse of discretion. Each of appellant's exceptions is answered by Lambey.
 
 
 6
 Frost asserts that no written plea agreement existed, that he and his attorney anticipated a U.S. Sentencing Guideline Sec. 5K1.1 motion for a downward departure by the United States Attorney, that his attorney gave him a written copy of the expected colloquy or questions to be asked by the district judge at the Rule 11 hearing, and that his original attorney was not prepared for trial and did not properly prepare him for his interview with the DEA in which he was to furnish information that would support the government's Sec. 5K1.1 motion.
 
 
 7
 The Rule 11 proceeding was thorough and complete. The record reflects that the defendant stated under oath that he understood the charges as explained by the district judge, that he understood the maximum and minimum penalties for the amount of drugs for which he was pleading guilty, that he understood the mandatory term of imprisonment due to the firearms charge, that his plea was made knowingly and voluntarily, and that he was guilty as charged. He also testified under oath that he was satisfied with his attorney's representation and that he was given ample opportunity to ask questions of the court. All of his constitutional rights as a defendant in a criminal proceeding were explained to him, and he knowingly and voluntarily waived his right to a jury trial and entered his plea.
 
 
 8
 There is no requirement that a plea of guilty be accompanied by a written plea agreement. A motion for a downward departure under Sec. 5K1.1 is made at the discretion of the United States Attorney, and the record reflects that Frost did not furnish the United States Attorney with information as to the whereabouts of a fugitive codefendant. The fact that his attorney furnished him with a written copy of the colloquy or questions expected from the district judge does not constitute evidence of ineffective counsel nor does it raise any question as to the validity of the plea. Reviewing the questions with the appellant prior to the hearing gave him an opportunity to raise any questions he might have and also to fully understand what was about to take place. The claim that his attorney was not prepared for trial does not survive a properly conducted Rule 11 procedure which occurred in this case.
 
 
 9
 In Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), the Court concluded:
 
 
 10
 [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.
 
 
 11
 As we stated in Lambey, "[i]f an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394.
 
 
 12
 Finding no evidence of abuse of discretion by the district court in refusing to vacate the pleas of guilty, the judgment of the district court is affirmed.
 
 
 13
 AFFIRMED.