**Billy Dalton FROST Petitioner–Appellant,**

v.

**George E. SNYDER, Warden Respondent–Appellee.**

No. 00–5113.

United States Court of Appeals, Sixth Circuit.

April 4, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN,* District Judge.

## OPINION

BORMAN, District Judge.

Petitioner Billy Dalton Frost pled guilty in the Western District of North Carolina to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and to using or carrying a firearm in relation to a drug transaction, in violation of 18 U.S.C. § 924(c)(1). After filing multiple petitions for relief in the United States Court of Appeals for the Fourth Circuit, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Kentucky. The district court denied the Petition. Petitioner timely appeals the decision of the district court. For the reasons that follow, we AFFIRM the decision of the district court denying the petition

for a writ of habeas corpus under 28 U.S.C. § 2241.

### I. Background

Petitioner was indicted in the Western District of North Carolina on October 7, 1992 for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and for using or carrying a firearm in relation to a drug transaction, in violation of 18 U.S.C. § 924(c)(1). He pled guilty to both charges in the United States District Court for the Western District of North Carolina on April 20, 1993.

After receiving the Presentence Investigation Report (PSR) which contained a significant sentence recommendation (15 years), Petitioner hired a new lawyer, who moved to withdraw the pleas of guilty. Petitioner asserted that he had not pled guilty "knowingly, intelligent[ly] and voluntarily." September 27, 1993 Hearing on Motion to Withdraw Plea, Joint App. Pp. 86, 90. Petitioner testified that his initial counsel was ineffective because counsel said the government "would downward my thing in a 5K1 and the gun charge would be dropped." *Id.* at 100 (testimony of Frost). The Government had neither filed a sentencing motion for a downward departure under United States Sentencing Guideline § 5K1.1, nor dismissed the gun charge.

After the testimony concluded at Petitioner's September 27, 1993 Hearing on Motion to Withdraw Plea, the district court judge sua sponte made "a motion for detention under 3142(f)(1)(c)," *Id.* at 124, and preliminarily granted the motion to withdraw the pleas. *Id.* at 126. However, upon further reflection during that hearing, the district court stayed the ruling on the motion to withdraw the pleas, in order

---

* The Honorable Paul D. Borman, District Judge for the Eastern District of Michigan, sitting by designation.

to receive additional briefing and to review the testimony.

At the second hearing on the Motion to Withdraw Plea, on October 7, 1993, the district judge denied Defendant's motion to withdraw his pleas of guilty, and sentenced him to fifteen years incarceration. Petitioner was imprisoned at the Federal Prison Camp in Manchester, Kentucky.

On direct appeal from the plea conviction in the Western District of North Carolina, the United States Court of Appeals for the Fourth Circuit Court affirmed the conviction and sentence. The Fourth Circuit concluded:

> The Rule 11 proceeding was thorough and complete. The record reflects that the defendant stated under oath that he understood the charges as explained by the district judge, that he understood the maximum and minimum penalties for the amount of drugs for which he was pleading guilty, that he understood the mandatory term of imprisonment due to the firearms charge, that his plea was made knowingly and voluntarily,

and that he was guilty as charged. He also testified under oath that he was satisfied with his attorney's representation and that he was given ample opportunity to ask questions of the court.

*United States v. Frost,* 43 F.3d 1469, 1994 WL 706121, \*\*1 (4th Cir. Dec. 20, 1994) (unpublished) (table).

Thereafter, Petitioner initiated a series of collateral attacks on his conviction and sentence in Fourth Circuit tribunals.

On June 20, 1995, Petitioner filed a motion under 28 U.S.C. § 2255 in the Western District of North Carolina, to vacate his sentence.

On June 29, 1995, Petitioner filed a Motion for Recusal in the Western District of North Carolina.

On August 12, 1996, Petitioner filed an application for a writ of Audita Querela [1] under 28 U.S.C. § 1651, in the Western District of North Carolina, in which he argued that the Supreme Court's decision in *Bailey v. United States,* 516

---

1. A writ of Audita Querela is a "common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise. May also lie for matters arising before judgment where defendant had no opportunity to raise such matters in defense." BLACK'S LAW DICTIONARY 131 (6th ed.1990) (internal cite omitted).

For a thorough discussion of the writ of Audita Querela, see Robbins, *The Revitalization of the Common–Law Civil Writ of Audita Querela As a Postconviction Remedy in Criminal Cases: The Immigration Context and Beyond,* 6 Georgetown Immigration Law Journal, 643 (1992). Professor Robbins concludes that "[t]he All Writs Act, relied on by the [Supreme] Court in [*United States v.*] *Morgan* [346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) ] to authorize relief by coram nobis, grants the authority to issue all

writs 'necessary or appropriate.' This language must include audita querela if it includes coram nobis ....." *Id.* at 669 (footnotes omitted). Although Professor Robbins finds that "audita querela can be used to provide post-conviction relief in certain situations," those situations are limited: "Since it requires satisfaction of the judgment, it can only be used when the petitioner has served his or her sentence and been released from custody." *Id.* at 684. In the instant case, Petitioner has not served his sentence and been released from custody.

Nor would the writ of Coram Nobis apply in the instant situation. The Sixth Circuit, citing *United States v. Morgan,* 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1954), recently noted that "a writ of *coram nobis* may sometimes be used to vacate a federal conviction after the petitioner has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable." *United States v. Johnson,* 237 F.3d 751, 753 (6th Cir.2001).

U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), rendered unlawful his conviction for carrying a firearm in relation to a drug transaction.[2] Although Federal Rule of Civil Procedure 60(b) abolished the writ of Audita Querela in civil cases, the Government's response noted that this writ " 'is available, if at all, where there is a legal objection to a conviction that has arisen subsequent to the conviction and is not addressable pursuant to other post conviction remedies.' " Response of the United States to Application for Writ of Audita Querela, Aug. 22, 1996, Joint App., Vol. III, P.394 (quoting *In re Wagner, III.*, 64 F.3d 661, 1995 WL 496802, (4th Cir. Aug.22, 1995) (internal citation omitted) (unpublished) (table)).

The district court for the Western District of North Carolina construed the petition for a writ of Audita Querela as a motion to amend the Petition for Recusal, and granted the Motion to Amend the Petition for Recusal. Thereafter, the district court, in an order filed March 18, 1997, denied both Petitioner's Application for Writ of Audita Querela under 28 U.S.C. § 1651, and the Motion to Vacate Sentence under 28 U.S.C. § 2255. Petitioner contends that he requested that his counsel appeal this order, but that counsel failed to do so.

Petitioner then filed a Motion in the District Court for the Western District of North Carolina on March 17, 1998 to Reopen Petition to Vacate Sentence pursuant to 28 U.S.C. § 2255 or, in the alternative, Motion for Delayed Appeal. On March 20, 1998, the district court denied Petitioner's Motion. On March 30, 1998, Petitioner filed a notice of appeal of the district court's order in the Fourth Circuit.

On December 15, 1998, the Fourth Circuit entered an order affirming the district court Order denying both the motion filed under 28 U.S.C. § 2255, and the application for a writ of Audita Querela under 28 U.S.C. § 1651. *United States v. Frost*, 166 F.3d 335, 1998 WL 869956 (4th Cir. Dec.15, 1998) (unpublished) (table), *cert. denied*, 527 U.S. 1023, 119 S.Ct. 2369, 144 L.Ed.2d 773 (1999). By implication, the Fourth Circuit also affirmed the denial of Petitioner's motion for a delayed appeal or to reopen his petition under § 2255.[3]

**2.** In *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) the Supreme Court interpreted 18 U.S.C. § 924(c)(1) which "requires the imposition of specified penalties if the defendant, 'during and in relation to any crime of violence or drug trafficking crime ..., uses or carries a firearm.' " *Id.* at 142–43, 116 S.Ct. 501. The Court held that "a conviction for 'use' of a firearm under § 924(c)(1) requires more than a showing of mere possession ....." *Id.* at 144, 116 S.Ct. 501. As a result, in order to be convicted under § 924(c)(1), a defendant had to actively employ a firearm. *Id.*

**3.** According to the Petitioner, his original motion for relief under § 2255 was never appealed. In its opinion and order denying Petitioner's instant request for a writ of habeas corpus under § 2241, the District Court for the Eastern District of Kentucky stated that Petitioner's original motion for relief under § 2255 in the Western District of North Car-

olina was never appealed, but that his appeal of the denial of his motion to file a delayed appeal, or to reopen the petition for relief under § 2255, was affirmed by the Fourth Circuit on December 15, 1998. In addition, Appellee states in its brief that Petitioner never appealed the denial of his original motion for relief under § 2255. However, in its December 15, 1998 opinion, the Fourth Circuit upheld the decision of the District Court for the Western District of North Carolina denying Petitioner's motion for relief under § 2255, and denying Petitioner's request of a writ of Audita Querela, but did not mention the motion to file a delayed appeal and to reopen the § 2255 petition. Therefore, it appears as though the Fourth Circuit did affirm the decision of the District Court for the Western District of North Carolina denying Petitioner's request for relief under § 2255 and his request for a writ of Audita Querela. By implication, the Fourth Circuit also denied

In the meantime, Petitioner had also sought relief in the Sixth Circuit. On August 7, 1995, Petitioner filed his first motion for habeas corpus under § 2241 in the Eastern District of Kentucky. *Frost v. Beeler*, Lexington Civil Action No. 95–348. On September 28, 1995, this petition was dismissed without prejudice to Petitioner's right to pursue relief in the North Carolina sentencing court by means of a § 2255 motion. The district court's decision was affirmed by this Court. *Frost v. Beeler*, 92 F.3d 1185, 1996 WL 434474, (6th Cir. Aug.1, 1996) (table) (unpublished).

Petitioner filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky, on December 15, 1999. On January 14, 2000, the district court denied the petition. This appeal follows.

Petitioner's brief in the Sixth Circuit, raises alleged errors of the U.S. District Court for the Western District of North Carolina with regard to his conviction and sentence. He presents the following five arguments as his grounds for relief:

I. His plea was unlawfully induced, not voluntary or not made with understanding of the nature of the charge and the consequences of the plea because of ineffective assistance of his counsel.

II. He was sentenced illegally based on erroneous information contained in the Presentence Investigation Report. The erroneous information was a result of ineffective assistance of counsel.

III. The conviction and sentence were based on a biased judgment of the court.

IV. Newly discovered evidence.

V. The court erred by relying on the statement of Larry Roscoe in sentencing Petitioner.

his motion to file a delayed appeal, or to

Because we hold that Petitioner has not shown that his remedy under 28 U.S.C. § 2255 is inadequate, and thus, that he has not established grounds for this Petition under 28 U.S.C. § 2241. we need not decide the merits of the above five arguments.

## II. STANDARD OF REVIEW

The Court reviews de novo the decision of a district court to dismiss a habeas corpus petition under 28 U.S.C. § 2241. *Charles v.. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

## III. ANALYSIS

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for habeas corpus in the district in which he is incarcerated. Before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this provision created many practical and logistical problems for the district courts which were located near federal prisons. As this Court noted in *In re Hanserd*, 123 F.3d 922, 930 (6th Cir.1997), in concluding that a prisoner barred from filing a § 2255 motion may raise his *Bailey* claim under § 2241: "In enacting § 2255, Congress expressed a clear preference that federal prisoners use that provision, rather than habeas corpus to challenge their confinement."[19] The opinion amplified this preference in an accompanying footnote:

The considerations that led Congress to enact § 2255 are entirely applicable to this situation. If Hanserd and similarly situated inmates proceed under habeas corpus, the very inefficiencies that led Congress to enact § 2255 will occur: courts located near large federal prisons will be inundated with such motions, and witnesses and court records will have to

reopen the case on the basis of new evidence.

travel thousands of miles to the situs of these habeas hearings, which would be held before a judge unfamiliar with the case.

*Id.* at 934 n. 19. As a result of this concern, as part of the AEDPA, Congress amended 28 U.S.C. § 2255, and channeled a prisoner's collateral attack of a conviction or sentence to the district court in which the prisoner was sentenced in order to more effectively address the issues. However, a challenge with respect to a prisoner's conditions of confinement could still be brought "in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles,* 180 F.3d at 756.

Section 2255 does not limit, and was not intended to limit, the remedies available to federal prisoners. The AEDPA did, however, limit the number of collateral challenges to convictions:

> Among other things, the AEDPA codified and extended judicially constructed limits on second and successive collateral attacks on convictions. Under the AEDPA, an individual must first obtain permission from the appropriate circuit court of appeals before filing a second or successive § 2255 petition.

In *re Jones,* 226 F.3d 328, 330 (4th Cir. 2000). Nevertheless, § 2255 includes a "savings clause," which provides that if the remedy available under § 2255 is "inadequate or ineffective" the prisoner may file a petition for habeas corpus under § 2241. *Charles,* 180 F.3d at 756.

 The exact meaning of the words "inadequate or ineffective" is unclear. A treatise has noted that "[t]he Section 2255 motion remedy is inadequate or ineffective only when, under the circumstances, it fails to afford a remedy as broad in scope as that furnished by habeas corpus." Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief § 4–11, at 208 (1996). It is well settled that a petitioner's remedy

under § 2255 is not inadequate merely because he is procedurally barred from filing a petition under § 2255, because the district court denied his § 2255 petition, or because he was denied permission to file a second petition under § 2255. *Charles,* 180 F.3d at 756; *see also In re Jones,* 226 F.3d at 333; *Triestman v. United States,* 124 F.3d 361, 376 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997); Wilkes, *supra,* § 4–11, at 208–209 ("28 U.S.C. § 2255 is facially constitutional, and the Section 2255 remedy, per se, is neither inadequate nor ineffective; nor is the motion remedy inadequate or ineffective with respect to a particular movant merely because the movant's application for Section 2255 relief has been or may be denied." (internal citations omitted)). The burden of proof is on the person seeking relief to show that the § 2255 remedy is inadequate or ineffective. *Charles,* 180 F.3d at 756; Wilkes, *supra,* § 4–11, at 208–209.

The circuit courts of appeal have developed various tests for determining when a petitioner's remedy under § 2255 is not adequate. In *Triestman,* the Second Circuit Court of Appeals held that a petitioner's remedy under § 2255 is inadequate when "the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions." *Triestman,* 124 F.3d at 377. Similarly, the Eleventh Circuit has held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the

petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott,* 177 F.3d 1236, 1244 (11th Cir.1999).[4] This Court has not yet articulated a standard for determining when a petitioner's claims are cognizable under the savings clause in § 2255. However, we have noted that no circuit has permitted a post-AEDPA petitioner to utilize § 2241 under the savings clause in § 2255 "as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions" unless the petitioner was making a claim of actual innocence. *Charles,* 180 F.3d at 757.

Most of the circuit court decisions which permitted the use of the savings clause in § 2255 came in the wake of the Supreme Court's decision in *Bailey v. United States, supra:*

> *Bailey* addressed the proper interpretation of 18 U.S.C. § 924(c)(1), which punishes anyone who uses or carries a firearm during or in relation to a drug trafficking crime. The Supreme Court in *Bailey* interpreted the "use" prong of the statute narrowly to require active employment of the firearm, an interpretation different from the one that had been adopted by a number of federal appeals courts.·

*Charles,* 180 F.3d at 756. Prisoners who had been convicted under an incorrect interpretation of the "use" prong collaterally attacked their convictions. However, those prisoners who had already filed their first § 2255 motion were barred from filing a second or successive one by the stringent requirements in § 2255. As a result, the prisoners' only remedy was to

bring a habeas corpus petition under § 2241. Each of the courts that addressed this issue in the *Bailey* context found it significant that the petitioner was in prison for an act that was not prohibited by law. *In re Davenport,* 147 F.3d at 611; *Triestman,* 124 F.3d at 379; *In re Dorsainvil,* 119 F.3d at 251. As a result, they found that the petitioners were entitled to the protections of the savings clause in § 2255.[5]

In *Charles,* this Court denied relief under § 2241 because the petitioner's claim was not based on *Bailey v. United States, supra,* or any other claim resting on a retroactively applicable Supreme Court decision, nor had he submitted any newly discovered evidence to show clearly and convincingly that he was innocent of his crime. *Charles,* 180 F.3d at 758.

■ We need not further develop a standard for interpreting the savings clause in § 2255, because it is clear that the savings clause should not apply in this case. The Petitioner in the present case does not bring any credible claims of actual innocence. It is clear that he is merely seeking another opportunity for collateral attack after his first attempt failed in the North Carolina district court.

This Court has held that "[s]imply because a sentencing court has already denied relief to the petitioner under § 2255 does not render his remedy under § 2255 inadequate or ineffective." *Charles,* 180 F.3d at 757–58. Petitioner previously filed a Petition under § 2255 in the North Carolina district court in which he was sen-

---

4. This is also basically the same test developed by the Seventh Circuit in *In re Davenport,* 147 F.3d 605, 609–612 (7th Cir.1998).

5. A recent Fifth Circuit opinion is in agreement with these circuit court decisions: "The standards that these courts have articulated

for the savings clause may not be framed in identical terms, but the following basic features are evident in most formulations: actual innocence and retroactivity." *Reyes–Requena v. United States,* 243 F.3d 893, 903 (5th Cir. 2001).

tenced. That court denied his motion, and it appears that this decision was upheld on appeal.[6] He requested leave to file a delayed appeal, and that request was denied. He also filed a petition for a writ of Audita Querela, which was denied. It is clear from these facts that Petitioner received more than ample opportunity to collaterally attack his conviction.[7] Petitioner cannot now come before this Court and claim that he has not received the full benefit of the remedy provided to him by § 2255, when he was able to bring a § 2255 motion, albeit an unsuccessful one, before the court that sentenced him.

Therefore, we hold that Petitioner's motion was not properly brought under § 2241, because his remedy under § 2255 was not inadequate or ineffective. The decision of the district court to deny Petitioner's request for habeas corpus under 28 U.S.C. § 2241 is AFFIRMED.

---

6. Petitioner claims that there was no appeal through the fault of his counsel. For a more complete explanation of why it is unclear whether the denial of his § 2255 motion was appealed, see note 4, *supra*.

7. Title 28 U.S.C. § 2255 provides the following standard for a second or successive motion under § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.