prisoner in custody), *cert. denied*, 397 U.S. 947 (1970). Johnson's petition therefore fails.

Mr. Johnson contends that even if he is not entitled to *coram nobis* relief, we should remand the case to the district court for an evidentiary hearing on the challenges to the trial court's jurisdiction, the prosecutor's authority, and venue. We see no basis for doing so. If Johnson is procedurally barred, there is no point in taking evidence to determine whether relief might be warranted if it were not procedurally barred. Moreover, the district court addressed all of Johnson's stated grounds for relief and properly found them to be without merit.

**AFFIRMED**.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0028P (6th Cir.)
File Name: 01a0028p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
　　*Respondent-Appellee,*

　　　*v.*                                    No. 98-5779

CONRAD LEE JOHNSON,
　　*Petitioner-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 92-00020—Jennifer B. Coffman, District Judge.

Argued: May 2, 2000

Decided and Filed: January 25, 2001

Before: NELSON and COLE, Circuit Judges; QUIST,
District Judge.

———————

[*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

appeal having been filed within 60 days of the district court's final order, this court has jurisdiction over the appeal.

## III

A district court's determination of legal issues in *coram nobis* proceedings is reviewed *de novo*. See *Blanton*, 94 F.3d at 230. The district court's findings of fact, however, must be upheld unless clearly erroneous. *See id.*

*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character – *e.g.*, errors rendering the proceedings themselves invalid. See *id*. To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. See *id*. In addition, the writ of *coram nobis* is available only "when a § 2255 motion is unavailable – generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Id*.

In the case at bar, although § 2255 relief is no longer available to him, Mr. Johnson remains a prisoner in federal custody. A prisoner in custody is barred from seeking a writ of error *coram nobis*. See *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (holding that *coram nobis* relief is not available to a prisoner in custody); *United States v. Bush*, 888 F.2d 1145, 1147 (7th Cir. 1989) (same); *United States v. Little,* 608 F.2d. 296, 299 n.5 (8th Cir. 1979), *cert. denied*, 444 U.S. 1089 (1980) ("Coram nobis lies only where the petitioner has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack"); *United States v. Brown*, 413 F.2d 878, 879 (9th Cir. 1969) (holding *coram nobis* relief unavailable to a

_____

*coram nobis* has already served his or her full sentence." *Id*.

_____

COUNSEL

**ARGUED:** C. Mark Pickrell, Nashville, Tennessee, for Appellant. Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee. **ON BRIEF:** C. Mark Pickrell, Nashville, Tennessee, for Appellant. Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

DAVID A. NELSON, Circuit Judge. This is an appeal from the denial of a motion to reconsider the denial of a federal prison inmate's petition for a writ of error *coram nobis*. The petitioner filed a notice of appeal 18 days after the denial of his motion. The threshold question – a question of first impression in this circuit – is whether the appeal is to be treated as a civil appeal under Fed. R. App. P. 4(a), subject to a 60-day appeal period because the United States is a party, or as a criminal appeal under Fed. R. App. P. 4(b), subject to a 10-day appeal period.

Like the majority of courts of appeals that have been confronted with this question, we conclude that the 60-day appeal period applies. Although we hold that the petitioner's appeal is thus timely, we further hold that the appeal lacks merit because *coram nobis* relief is not available while the petitioner is in federal custody. The challenged order will be affirmed.

## I

On May 21, 1992, a federal grand jury indicted the petitioner, Conrad Lee Johnson, on drug and vehicle theft charges. The case ultimately went to trial on three counts: (1) conspiracy to manufacture marijuana with intent to

*nobis* are substantially the same). And in *Blanton v. United States*, 94 F.3d 227 (6th Cir. 1996), we recognized that "[b]ecause of the similarities between *coram nobis* proceedings and § 2255 proceedings, the § 2255 procedure often is applied by analogy in *coram nobis* cases." *Id*. at 235. It follows, in our view, that although "a *coram nobis* motion is a step in a criminal proceeding, [it] is, at the same time, civil in nature and subject to the civil rules of procedure." *United States v. Ballistrieri*, 606 F.2d 216, 221 (7th Cir. 1979).

It should be added that the policy reasons for a shorter appeals period under Rule 4(b) are not normally present in the *coram nobis* context. The filing of a *coram nobis* petition usually becomes possible only after the defendant has served his sentence and has been released from prison. That being so, "there is no societal or individual interest in prompt adjudication of the petition while a prisoner is languishing in jail." See *Craig*, 907 F.2d at 656. When these interests are not present, the more relaxed time limits of Rule 4(a) seem appropriate. See *id*.

For all of these reasons, we believe that the 60-day appeals period prescribed by Rule 4(a)(1)(B) is applicable to petitions for a writ of error *coram nobis*.[2]   Mr. Johnson's notice of

---

[2] We are strengthened in this belief by the fact that the preliminary draft of the currently proposed amendments to the Federal Rules of Appellate Procedure would expressly  provide that an appeal from a decision on an application for a writ of error *coram nobis* is a civil appeal for purposes of Rule 4(a). See Proposed Fed. R. App. P. 4(a)(1)(C). In proposing this amendment, the Advisory Committee focused on the suggestions in the *Morgan* footnote that an application for a writ of error *coram nobis* "is of the same general character as [a motion] under 28 U.S.C. § 2255."  See Proposed Amendments to Federal Rules of Appellate Procedure, Subdivision 4(a)(1)(c), advisory committee notes. With this analogy in mind, the Advisory Committee found it to be "appropriate that the time limitations of Rule 4(a) . . . should also apply when a district court grants or denies a writ of error *coram nobis*.  In addition, the strong public interest in the speedy resolution of criminal appeals that is reflected in the shortened deadlines of Rule 4(b) is not present in the *Morgan* situation, as the party seeking the writ of error

distribute it, a violation of 21 U.S.C. § 846; (2) aiding and abetting the manufacture of marijuana, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (3) aiding and abetting the possession of marijuana with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On December 8, 1992, the jury returned a verdict of guilty on each count. The district court subsequently sentenced Johnson to imprisonment for a term of 60 months, to be followed by a four-year term of supervised release. Johnson did not appeal.

On July 14, 1993 – Bastille Day, appropriately enough – Johnson escaped from prison. He remained at large until January 26, 1995, when he was recaptured. Convicted of escape, he was sentenced to an additional 12 months in prison. Again there was no appeal.

On March 10, 1997, proceeding *pro se,* Johnson filed a petition for a writ of error *coram nobis* seeking to have his 1992 conviction vacated.[1]   The petition asserted that the district court lacked jurisdiction, that the prosecutor was without statutory authority to prosecute, and that venue was improper. When the petition was denied, Johnson filed an "objection" to the judgment. The district court treated this as a motion for reconsideration, which it denied on May 18, 1998.

Mr. Johnson filed a notice of appeal from the May 18 order on June 5, 1998. This court then entered a show cause order directing the petitioner to explain why the appeal should not be dismissed as untimely. See *United States v. Johnson*, No. 98-5779, Order (6th Cir. June 29, 1998).

---

[1] Johnson was barred from seeking *habeas corpus* relief under 28 U.S.C. § 2255, the traditional avenue for collaterally attacking federal convictions, because of the one-year limitations period prescribed in the Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-32, 110 Stat. 1214 (1996).

Mr. Johnson filed a *pro se* response to the show cause order, and the government replied. The court then referred the appeal to a hearing panel, appointed counsel for Johnson, and directed that the matter be re-briefed. See *United States v. Johnson*, No. 98-5779, Order (6th Cir. Sept. 21, 1998). The briefs having been filed and the panel having heard oral argument, the case is now ripe for decision.

## II

At common law, the writ of error *coram nobis* was used as a device for correcting fundamental errors in both civil and criminal cases. Although use of the writ was suspended in civil cases pursuant to Fed. R. Civ. P. 60(b), it survived in the criminal context. See *United States v. Morgan*, 346 U.S. 502, 506 (1954), where the Supreme Court held in that context that federal courts retained power to issue the writ, under certain circumstances, pursuant to the All Writs Act, 28 U.S.C. § 1651. *Morgan* teaches that a writ of error *coram nobis* may sometimes be used to vacate a federal conviction after the petitioner has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable.

Although *Morgan* confirmed that criminal convictions might be subject to review in *coram nobis* proceedings, the decision does not clearly specify which rules of procedure – criminal or civil – are applicable to such proceedings. Courts of appeals confronted with the issue have sought guidance from a rather Delphic footnote in which the *Morgan* Court said that a *coram nobis* motion "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding . . . . This motion is of the same general character as one under 28 U.S.C. § 2255." *Morgan*, 346 U.S. at 506 n. 4.

On its face, footnote 4 is self-contradictory. On the one hand, it characterizes the filing of an application for a writ of error *coram nobis* as a "step in the criminal case," thus implying that the writ should be subject to criminal procedural rules – and the footnote goes on to contrast *coram nobis* with *habeas corpus*, where civil procedures apply. On

the other hand, the footnote concludes by stating that a motion for the writ of error *coram nobis* is "of the same general character as one under 28 U.S.C. § 2255." The procedural rules governing § 2255 petitions are, of course, civil in nature.

Given this contradictory language, it is not surprising that a circuit split should have developed. A minority of appellate courts have treated the writ of error *coram nobis* as "a step in the criminal case," subject to the 10-day appeals period erected in Rule 4(b). See, *e.g.*, *Yasui v. United States*, 772 F.2d 1496, 1499 (9th Cir. 1985); *United States v. Mills*, 430 F.2d 526, 528 (8th Cir. 1970), *cert. denied*, 400 U.S. 1023 (1971). A majority of courts, however, have treated the application for the writ as similar in character to a § 2255 motion and have held that appeals from judgments in both types of cases are subject to the more generous 60-day appeals period. See, *e.g.*, *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993); *United States v. Craig*, 907 F.2d 653, 655-57 (7th Cir. 1990), *cert. denied*, 500 U.S. 917 (1991); *United States v. Cooper*, 876 F.2d 1192, 1193-1194 (5th Cir. 1989), abrogated in part on other grounds by *Smith v. Barry*, 502 U.S. 244 (1992); *United States v. Keogh*, 391 F.2d 138, 140 (2d Cir. 1968).

Those courts that have applied criminal procedural rules to *coram nobis* proceedings have stressed that the *Morgan* footnote characterizes the *coram nobis* petition as "a step in the criminal case." We are not persuaded, however, that this statement should be read literally. A literal reading ignores the fact that § 2255 petitions can likewise be characterized as "a further step in the movant's criminal case and not a separate civil action." See Rules Governing Section 2255 Proceedings, Rule 1 and Rule 11, advisory committee notes.

As we have seen, the *Morgan* footnote itself recognizes the similarity between *coram nobis* petitions and motions under § 2255. Our court too has commented on the substantive similarities between § 2255 and *coram nobis*. See *Pitts v. United States*, 763 F.2d 197, 198 n. 1 (6th Cir.1985), (noting that the standards for granting relief under § 2255 and *coram*