**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Prince Albert RANKIN, III,**
**Defendant–Appellant.**

**No. 00–3225.**

United States Court of Appeals,
Sixth Circuit.

May 23, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; O'MALLEY, District Judge.*

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Prince Albert Rankin, III, a pro se federal prisoner, appeals the district court's opinion and order denying his "Motion to Vacate Illegal Conviction," construed as a petition for a writ of error coram nobis filed under the All Writs Act, 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Rankin was charged in 16 counts of a 37–defendant, 329–count indictment, which included conspiracy, RICO, controlled substance, and firearms charges. He was convicted following a lengthy jury trial and sentenced on November 25, 1977, to a total of 60 years in prison. This court affirmed his conviction on appeal. *See United States v. Sutton,* 642 F.2d 1001 (6th Cir. 1980) (en banc). Both parties agree that Rankin has fully served this sentence. Rankin is currently serving a 19–year, 7–month sentence imposed on an unrelated conviction.

In his present petition, Rankin asserted that his 1977 indictment for conspiracy and RICO violations (counts 1 and 2) must be dismissed as defective on its face for failure to comply with Fed.R.Crim.P. 7(c). Rankin claims that the beginning date of the RICO conspiracy was not stated with specificity, thus failing to provide adequate notice.

In an opinion and order filed on October 21, 1999, the district court expressed its reservations about the continued existence of the writ of coram nobis, but, nonetheless, addressed the merits of Rankin's petition. The district court found that the indictment was not fundamentally defective, as required for collateral relief, but was reasonably specific as to both beginning and ending dates, as well as setting forth numerous specifics as to dates, places, and persons involved in the various offenses pertaining to both the conspiracy and substantive RICO charges. Moreover, the district court noted that a writ of error coram nobis will only be granted for an error of fact unknown at the time of trial which would have altered the outcome of the trial had it been known. The error Rankin now complains of is an alleged error of law that could have been raised on direct appeal. Finally, the district court found that the doctrine of laches applied to bar relief in this case, as Rankin waited 22 years after his conviction to bring this petition. Rankin's motion for reconsideration was denied in an order entered on February 1, 2000.

On appeal, Rankin continues to argue that his 1977 indictment was fatally defective as to counts 1 and 2. In addition, he raises on appeal the new issue of whether the sentences for those counts violate the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in that the jury did not determine the quantity of drugs involved beyond a reasonable doubt. Rankin moves for the appointment of counsel to assist him in this appeal.

Upon review, we deny the motion for counsel and affirm the district court's order. This court reviews *de novo* the district court's determination of legal issues in coram nobis proceedings. *United States v. Johnson,* 237 F.3d 751, 755 (6th Cir.2001); *Blanton v. United States,* 94 F.3d 227, 230 (6th Cir.1996). The district court's findings of fact are upheld unless clearly erroneous. *Johnson,* 237 F.3d at 755; *Blanton,* 94 F.3d at 230. While the district court reasonably questioned the continued viability of the writ of error coram nobis, *see United States v. Beggerly,* 524 U.S. 38, 45, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998), it appears that it has been abolished only in civil actions. It

survives in criminal actions where relief under 28 U.S.C. § 2255 is not available because the petitioner is not in custody pursuant to the challenged conviction. *See Carlisle v. United States,* 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *Johnson,* 237 F.3d at 754.

However, a writ of error coram nobis is rarely granted:

> Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character—e.g., errors rendering the proceedings themselves invalid. To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.

*Johnson,* 237 F.3d at 755 (citing *Blanton,* 94 F.3d at 231).

The district court properly concluded that Rankin's petition does not meet this standard for coram nobis relief. Moreover, the district court did not err in concluding that the doctrine of laches applies to bar Rankin's claim. *See Blanton,* 94 F.3d at 231; *Johnson v. United States,* 334 F.2d 880, 883–84 (6th Cir.1964).

After the district court rendered its decision in this case, the Supreme Court issued its opinion in *Apprendi,* which limited a judge's ability to make factual findings which affect a defendant's sentence. *Apprendi* holds that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 488–92, 120 S.Ct. at 2362–63 (emphasis added). Even assuming, for the purpose of argument, that Rankin may raise this issue for the first time on appeal of a denial of a writ of error coram nobis, and assuming that the issue is not moot even though his sentence is fully served, Rankin is not entitled to relief. *Apprendi* is simply not applicable to this case because his sentences for the various counts of conviction did not exceed the statutory maximum for those offenses. *See United States v. Munoz,* 233 F.3d 410, 413–14 (6th Cir. 2000); *United States v. Corrado,* 227 F.3d 528, 542 (6th Cir.2000).

Accordingly, Rankin's motion for the appointment of counsel is denied. The district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.