**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie CAUSEY, Defendant–Appellant.**

**No. 00–2500.**

United States Court of Appeals, Sixth Circuit.

June 18, 2001.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

Willie Causey appeals a district court order dismissing his petition for a writ of error coram nobis. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Causey of three counts of possession with intent to distribute illegal drugs in violation of 21 U.S.C. § 841(a)(1), one count of use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The district court sentenced Causey to 262 months of imprisonment for the drug and possession of firearm offenses and to a consecutive 60 months of imprisonment on the § 924(c) conviction. On appeal, this court affirmed four of Causey's convictions, but vacated the § 924(c) conviction in light of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and remanded for resentencing. *United States v. Causey*, No. 95–1129, 1996 WL 403119, 91 F.3d 144 (6th Cir. July 17, 1996) (unpublished per curiam).

On remand, Causey argued that his statutory maximum sentence had been improperly calculated. While the district court vacated the consecutive sentence for the § 924(c) conviction, it concluded that the remand order did not permit it to revisit sentencing de novo, and the court re-imposed the original sentence of 262 months of imprisonment on the remaining counts. On appeal, this court concluded that the district court should have revisited sentencing in its entirety because this court's prior decision did not limit the scope of resentencing. *United States v. Causey*, No. 96–2565, 1999 WL 357796, 181 F.3d 104 (6th Cir. May 17, 1999) (unpublished opinion).

On remand again, Causey filed several motions pertaining to his sentencing and he also filed a petition for a writ of error coram nobis. At a hearing, the district court resentenced Causey to 262 months of imprisonment and four years of supervised release, and the court imposed a $200 special assessment. Causey filed a timely appeal from this judgment. The district court also dismissed Causey's petition for a writ of error coram nobis, and Causey filed a timely appeal from this decision. These appeals were consolidated, and this court affirmed Causey's sentence and the dismissal of his coram nobis petition. *United States v. Causey*, Nos. 99–2467, 2000 WL 1478369, 230 F.3d 1360 (6th Cir. Sept.27, 2000) (unpublished order). Causey then moved for rehearing of this court's decision, arguing for the first time that his sentence was imposed in violation of the recent Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This court granted his rehearing petition and the appeal is still pending before the court.

While that appeal was pending, Causey returned to the district court and filed another petition for a writ of error coram nobis, again raising his *Apprendi* claim. The district court concluded that Causey could not pursue coram nobis relief because he was still in custody, and the court dismissed the petition. Causey has filed a timely appeal from this decision.

■■■■ Upon review, we conclude that the district court properly dismissed Causey's petition for a writ of error coram nobis. This court reviews de novo a district court's determination of legal issues in coram nobis proceedings and upholds the court's findings of fact unless clearly erroneous. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001). "Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character—e.g., errors rendering the pro-

ceedings themselves invalid." *Id.* To be entitled to relief, the coram nobis petitioner must demonstrate: 1) an error of fact; 2) unknown at the time of trial; 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding. *Id.* A federal prisoner can utilize a coram nobis petition only when a motion under 28 U.S.C. § 2255 is unavailable, which is generally when the petitioner has served his sentence completely and thus is no longer "in custody" as required for § 2255 relief. *Id.* Indeed, a "prisoner in custody is barred from seeking a writ of error coram nobis." *Id.* Since it is undisputed that Causey is still in custody, he is barred from seeking coram nobis relief.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.