**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin Thomas FORD, Defendant–**
**Appellant.**

**No. 00–3146.**

United States Court of Appeals,
Sixth Circuit.

June 20, 2001.

Before BOGGS and SUHRHEINRICH, Circuit Judges; CLELAND, District Judge.*

Kevin Thomas Ford, a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of error coram nobis. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The convoluted history of this case lies beneath this action. This history is summarized by the district court in its order and need not be repeated here. Briefly, however, Ford is serving two concurrent five-year sentences imposed on July 5, 1988, and a concurrent 20–year sentence imposed on June 22, 1990, for a count on which Ford was originally sentenced on July 8, 1989. A 20–year sentence originally imposed for a third count in July 1988 was merged with this latter 20–year sentence and that original count was dis-

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

missed. In his motion for a writ of error coram nobis, Ford complained that the Bureau of Prisons (BOP) has incorrectly calculated his total sentence as 21 years, 2 months, and 3 days, rather than the 20 years actually imposed by the district court. He exhausted his administrative remedies and sought resentencing by the district court "to the correct sentence originally imposed on July 5, 1988, and again on June 22, 1990," in order to clarify his aggregate sentence for the BOP.

The district court denied Ford's motion for a writ of error coram nobis in an order entered on December 15, 1999, for lack of jurisdiction. Noting that "[t]he relief defendant Ford seeks is to compel the Bureau of Prisons to calculate his sentence as an aggregate term of 20 years of imprisonment, not an aggregate term of 21 years, 2 months, and 3 days," the district court held that the relief sought was not available through coram nobis, but must be obtained through a petition for a writ of habeas corpus filed under § 2241 in the district having jurisdiction over his custodian. Because Ford is not incarcerated in the Southern District of Ohio, the district court concluded that it lacked jurisdiction over such a § 2241 petition.

On appeal, Ford argues that this is not a § 2241 issue and that the district court erred in construing it as such. He asks this court to vacate his present "illegal" sentence and remand for resentencing.

Upon review, we affirm the district court's order for the reason stated therein. This court reviews a district court order dismissing a petition under § 2241 *de novo*. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

▮ "[C]ourts have uniformly held that claims asserted by federal prisoners

... seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Id.* at 755–56 (collecting cases). Ford's complaint is clearly a challenge to the execution or manner in which his aggregate sentence is served. Both parties to this appeal agree that the district court intended Ford to serve a total of 20 years in prison. However, Ford had already served one year, two months, and three days of his five-year sentences when the sentence on the second indictment was imposed on September 8, 1989, in the first sentencing hearing after remand. Therefore, the BOP calculated the 20–year sentence on count 2 of the second indictment, imposed after the second remand, as running concurrently from September 8, 1989, in effect lengthening the total time Ford must serve.

Nonetheless, the district court did not err in concluding that it lacked jurisdiction over Ford's petition. Ford is incarcerated in Atlanta, Georgia, within the jurisdiction of the Northern District of Georgia and it is there that he must apply for any correction of the BOP's sentence calculations. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). Because the sentence itself is legal and falls within none of the applicable statutory provisions allowing modification of a sentence once imposed, the District Court for the Southern District of Ohio lacks the authority to resentence Ford as he requests. *See United States v. Ross*, 245 F.3d 577, 585 (6th Cir.2001).

▮ Even if Ford's motion is construed as he brought it, as seeking a writ of error coram nobis, it was properly denied. This court reviews *de novo* the district court's determination of legal issues

in coram nobis proceedings. *United States v. Johnson,* 237 F.3d 751, 755 (6th Cir.2001). The district court's findings of fact are upheld unless clearly erroneous. *Id.* The writ of error coram nobis survives in criminal actions where relief under § 2255 is not available because the petitioner is not in custody pursuant to the challenged conviction. *See Carlisle v. United States,* 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *Johnson,* 237 F.3d at 754. Because Ford remains in custody under the conviction he challenges, he may not apply for coram nobis relief.

In any event, a writ of error coram nobis is rarely granted and is "used only to review errors of the most fundamental character—e.g., errors rendering the proceedings themselves invalid." *Johnson,* 237 F.3d at 755. Ford does not allege a fundamental error in his criminal proceedings; in fact, he does not allege *any* error in his criminal proceedings. Instead, he complains that the BOP's calculation of his aggregate sentence is incorrect. Such an error does not fall within the purview of the extraordinary writ.

For these reasons, the district court's order, entered on December 15, 1999, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.