**James P. CRAVEN, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 00–3348.**

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2001.

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**350**

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

James P. Craven, proceeding pro se, appeals a district court judgment denying his petition for a writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, Craven pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846, and possession with intent to distribute heroin in violation of 21 U.S.C. § 841. The court sentenced Craven to a total of 228 months of imprisonment and six years of supervised release, and it imposed a total fine of $284,387.76. A panel of this court affirmed Craven's convictions and sentence. *See United States v. Boykins, et al.,* Nos. 89–3798, etc., 1990 WL 143559 (6th Cir.1990). Thereafter, the district court denied Craven's first 28 U.S.C. § 2255 motion to vacate his sentence on the merits, and a

panel of this court affirmed the district court's judgment. *Craven v. United States,* No. 95–3539, 1995 WL 723165 (6th Cir. Dec.6, 1995). Craven's second § 2255 motion was transferred to this court, and this court denied Craven permission to file a second or successive § 2255 motion. *In re James P. Craven,* No. 97–0376 (6th Cir. Dec. 17, 1997).

In his petition for a writ of error coram nobis and supplemental petition, Craven argued that: 1) the district court violated Fed.R.Crim.P. 11 because it did not determine whether there was a factual basis to support his guilty pleas; 2) the district court improperly enhanced his offense level based on his role in the offense and based on his possession of a weapon; 3) the district court did not provide adequate reasons for imposing a fine; 4) counsel rendered ineffective assistance because he did not challenge the above alleged errors; and 5) Craven was subjected to an Ex Post Fact violation because the court imposed a "mandatory minimum" sentence for a conviction based on pre–1988 conspiracy law. Upon review, a magistrate judge filed a report recommending that the district court dismiss the petition, with prejudice, because Craven was still in custody, because his claims are not cognizable in a petition for a writ of error coram nobis, because he had procedurally defaulted his claims by not raising them on direct appeal, and because Craven's petition constitutes an abuse of the writ. Over Craven's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition. Craven has filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that Craven is not entitled to coram nobis relief. This court renders de novo review of a district court's judgment denying a petition for a writ of error coram nobis. *See*

*Blanton v. United States,* 94 F.3d 227, 230 (6th Cir.1996). However, the district court's factual findings are accepted as true unless they are clearly erroneous. *See id.* "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Id.* at 231. A petition for a writ of error coram nobis should not be granted unless the petitioner demonstrates an error of fact that was unknown at the time of trial, which creates such a fundamental injustice that it probably would have altered the outcome of the challenged proceeding if it had been known. *See id.*

■ In the case at bar, although § 2255 relief may be no longer available to him, the record reflects that Craven was in custody when he filed his petition. A prisoner in custody is barred from seeking a writ of error coram nobis. *Carlisle v. United States,* 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *United States v. Johnson,* 237 F.3d 751, 754–55 (6th Cir.2001); *United States v. Brown,* 117 F.3d 471, 475 (11th Cir.1997); *United States v. Bush,* 888 F.2d 1145, 1147 (7th Cir.1989); *United States v. Little,* 608 F.2d 296, 299 n. 5 (8th Cir.1979); *United States v. Brown,* 413 F.2d 878, 879 (9th Cir.1969). Further, a review of Craven's claims clearly reflects that he was aware of the facts underlying his arguments prior to or during sentencing, and therefore, the arguments do not provide a basis for coram nobis relief. *See Blanton,* 94 F.3d at 230–31. Craven's petition therefore fails.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.