**Luther CHEATHAM, Petitioner–Appellant,**

v.

**Carl ANDERSON, Warden, Respondent–Appellee.**

**No. 00–3719.**

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

## ORDER

Luther Cheatham appeals a district court order dismissing his petition for a writ of error coram nobis. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, an Ohio jury convicted Cheatham of three counts of felonious assault, with two firearm specifications, and the trial court sentenced him to 23 to 56 years of imprisonment. Cheatham subsequently filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which the district court dismissed as meritless. In 2000, Cheatham filed his coram nobis petition, alleging that his trial counsel rendered ineffective assistance. The district court concluded that Cheatham was not entitled to coram nobis relief and dismissed the petition. Cheatham has filed a timely appeal.

■ Upon review, we conclude that the district court properly dismissed Cheatham's petition for a writ of error coram nobis. This court reviews de novo the district court's determination of legal issues in denying a coram nobis petition. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001). This court reviews the district court's findings of fact for clear error. *Id.* Coram nobis may be used only to review errors of the most fundamental character, such as those errors rendering the proceeding itself invalid. *Id.* To be entitled to coram nobis relief, the petitioner must demonstrate: 1) an error of fact; 2) unknown at the time of trial; 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Id.* Additionally, a prisoner in custody is barred from seeking coram nobis relief. *Id.*

■ Cheatham is not entitled to coram nobis relief. Since Cheatham is still in custody, he is barred from pursuing coram nobis relief. *Id.* Further, Cheatham's claims of ineffective assistance of counsel were known to him at the time of trial and, therefore, they do not provide a basis for coram nobis relief. *Id.*

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.