**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Douglas NYHUIS, Defendant–
Appellant.**

No. 01–1878.

United States Court of Appeals,
Sixth Circuit.

June 21, 2002.

Before DAUGHTREY and CLAY,
Circuit Judges; WILLIAMS, District
Judge.*

Douglas Nyhuis, a pro se federal prisoner, appeals a district court judgment denying his petition for a writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, Nyhuis pleaded guilty, pursuant to a written plea agreement, to engaging in a continuing criminal enterprise. Although the agreement initially provided that Nyhuis would be sentenced to no more than ten years in prison, this provision was later increased to fifteen years by stipulation of the parties. The district court accepted Nyhuis's guilty plea as amended in 1990 and sentenced him to a prison term of fourteen years and a fine of $150,000. Nyhuis did not file a direct appeal. In 1998, Nyhuis satisfied his sentence via mandatory release, but he remains in custody pursuant to another federal sentence. Nyhuis has previously filed a Fed.R.Crim.P. 35 motion for reduction of sentence, a 28 U.S.C. § 2255 motion to vacate sentence, and a petition for remission of fine.

In his instant petition, Nyhuis asserted that: 1) the district court imposed the fine in violation of his plea agreement; 2) the

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

district court should have informed him of its acceptance of the agreement and given him an opportunity to withdraw his plea; 3) the district court did not notify him of his right to appeal his sentence; and 4) trial counsel rendered ineffective assistance by not objecting to the fine and by not filing a notice of appeal. The district court ordered an evidentiary hearing concerning whether trial counsel had refused to file a notice of appeal, but sua sponte dismissed the remainder of the petition as without merit. Upon consideration of the government's response to the petition, the district court canceled the evidentiary hearing, vacated the previous order in part, and denied the petition in toto.

In his timely appeal, Nyhuis reasserts his first and fourth claims. He also requests oral argument.

As an initial matter, we decline to review the dismissal of Nyhuis's second and third claims as he has abandoned them on appeal. *See Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996).

This court reviews de novo the district court's determination of legal issues in coram nobis proceedings. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001); *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir.1996). The district court's findings of fact are upheld unless clearly erroneous. *Johnson*, 237 F.3d at 755; *Blanton*, 94 F.3d at 230. Although there is some question as to the continued viability of the writ of error coram nobis, *see United States v. Beggerly*, 524 U.S. 38, 45, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998), it appears that it has been abolished only in civil actions. It survives in criminal actions where, as here, relief under 28 U.S.C. § 2255 is not available because the petitioner is not in custody pursuant to the challenged conviction. *See Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct.

1460, 134 L.Ed.2d 613 (1996); *Johnson*, 237 F.3d at 754.

However, a writ of error coram nobis is rarely granted:

> Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character—e.g., errors rendering the proceedings themselves invalid. To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.

*Johnson*, 237 F.3d at 755 (citing *Blanton*, 94 F.3d at 231).

Additionally, the doctrine of laches applies to coram nobis proceedings. *Blanton*, 94 F.3d at 231. To avoid the bar, a coram nobis petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously as a lengthy delay prejudices the government's ability to respond to the petition and to reprosecute a meritorious case. *Id.*

■ Upon review, we conclude that Nyhuis's petition is barred by the doctrine of laches because an unreasonable period of delay occurred between his sentencing and the filing of the coram nobis petition. In 1990, he would have known of any discrepancy between the plea agreement and his sentence, of his counsel's failure to object to the discrepancy, and of counsel's alleged refusal to file an appeal. Yet, Nyhuis apparently did not raise these arguments until he filed the instant petition in 2000, and he offers no reason for failing to do so. A ten-year delay does not constitute an exercise of reasonable diligence. *See, e.g., United States v. Dyer*, 136 F.3d 417, 429 (5th Cir.1998) (nine-year delay is unreasonable); *Telink v. United States*, 24 F.3d 42, 48 (9th Cir.1994) (nearly five years is unreasonable); *Johnson v. United States*,

334 F.2d 880, 883–84 (6th Cir.1964) (fifteen years is unreasonable).

 Additionally, Nyhuis has not alleged any error of fact which creates a fundamental injustice. Rather, he merely raises legal challenges concerning the propriety of his sentence and his right to an appeal. Nyhuis was aware of the facts underlying his arguments at or shortly after the time of sentencing, and therefore, the arguments are insufficient to entitle him to coram nobis relief. *See Blanton,* 94 F.3d at 230. Nyhuis easily could have raised his arguments in his § 2255 motion.

Finally, we note that the plea agreement did not bar the district court from imposing a fine. Rather, the imposition of a fine was effectively left to the discretion of the district court as the plea agreement merely provides that "[t]he defendant realizes that this offense is punishable by a mandatory prison term of ten years, a maximum potential penalty of life imprisonment and a potential fine of $2,000.000."

Accordingly, Nyhuis's request for oral argument is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.