Torrey J. TURNER, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 02–1489.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before BOYCE F. MARTIN, JR., Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

*ORDER*

Torrey J. Turner, a pro se federal prisoner, appeals a district court judgment denying his request for a writ of error coram nobis filed pursuant to 28 U.S.C.

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

§ 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, pursuant to a plea agreement, Turner pleaded guilty to a single count of conspiracy to possess with the intent to distribute cocaine and distribution of cocaine. Prior to sentencing, Turner moved to withdraw his plea. The district court denied the motion and sentenced Turner to 120 months in prison, followed by four years of supervised released. This court affirmed the conviction on appeal.

Turner then filed a motion to vacate his sentence under 28 U.S.C. § 2255. The motion was denied by the district court and affirmed by this court on appeal. Turner next filed a request with this court pursuant to 28 U.S.C. § 2244 seeking permission to file a second § 2255 motion with the district court. That request was denied on October 18, 2001.

A few days later, on November 1, 2001, Turner filed this motion for a writ of error coram nobis with the district court contending that his indictment was defective. Upon de novo review of a magistrate judge's report, the district court dismissed the case as meritless.

In his timely appeal, Turner asserts that he is entitled to a writ of error coram nobis despite the fact that he is in custody.

The district court's judgment is reviewed de novo. See Blanton v. United States, 94 F.3d 227, 230 (6th Cir.1996). The district court's findings of fact, however, must be upheld unless clearly erroneous. Id.

The district court properly dismissed Turner's request for relief. To be entitled to a writ of error coram nobis, the petitioner must demonstrate: 1) an error of fact; 2) unknown at the time of trial: 3) that is

of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. In addition, the writ is available only when a § 2255 motion is unavailable. Generally, this occurs when the petitioner has served his sentence completely and thus is no longer "in custody" as required for § 2255 relief. United States v. Johnson, 237 F.3d 751, 755 (6th Cir.2001).

Although § 2255 relief is no longer available to him, Turner remains a prisoner in federal custody. As a prisoner in custody, Turner is barred from seeking a writ of error coram nobis. Id.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.