618

### Robert D. FISCHL, Petitioner–Appellant,

v.

### UNITED STATES of America, Respondent–Appellee.

### No. 01–2134.

United States Court of Appeals, Sixth Circuit.

Jan. 15, 2003.

* The Hon. Thomas B. Russell, United States District Court for the Western District of Ken-

Before MERRITT and DAUGHTREY, Circuit Judges, and RUSSELL,* District Judge.

PER CURIAM.

The petitioner, Robert Fischl, was convicted in 1984 on charges of mail fraud, interstate transportation of checks taken by fraud, conspiracy to commit mail fraud and wire fraud, making willful misstatements to the Internal Revenue Service, and conspiracy to impede the Internal Revenue Service. He served a one-year sentence a five-year probationary term, and made $232,720 in restitution payments. In 1991, he filed an unsuccessful motion to vacate sentence pursuant to 28 U.S.C. § 2255. Some ten years later, he filed the current petition seeking a writ of error coram nobis in an effort to set aside his conviction and "clear his name." Specifically, he contended that his convictions should be overturned because the trial court failed to consider the impact of the prosecution's subornation of perjury, ignored multiple violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (requiring the prosecution to divulge to the defendant any exculpatory evidence in its sole possession), and did not recognize that the petitioner was actually innocent of the charges brought against him. The district court denied relief, and the petitioner now appeals.

A district court's authority to issue a writ of error coram nobis comes from the All Writs Act, 28 U.S.C. § 1651, and is exercised "to vacate a federal sentence or conviction when a § 2255 motion is un-

tucky, sitting by designation.

available—generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir.1996). The writ "may be used only to review errors 'of the most fundamental character'" and will be granted only upon demonstration of: "(1) an error of fact. (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.* (quoting *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir.1984), and *United States v. Mayer*, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914)). *See also United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001).

The allegations of error now advanced by Fischl do not meet these stringent requirements. First, the petitioner's claim that the prosecution presented perjured testimony at the trial in this matter involves a misreading of the applicable witness's testimony Similarly, Fischl's claim of actual innocence based upon newly discovered evidence is without factual basis. As detailed by the district court, Fischl had, at the time of trial, access to the witnesses and information he now claims have just recently been revealed. Finally, Fischl's assertion of *Brady* violations do not entitle him to relief. As noted by the district judge in his opinion in this matter, not only were the challenged evidence and witnesses available to the petitioner at the time of the original trial, but the evidence of which Fischl complains was not truly exculpatory.

In fact, the district court thoroughly and correctly analyzed each claim asserted by the petitioner in his request for the extraordinary relief afforded by the writ of error coram nobis. Because the reasons why judgment should be entered for the United States have thus been articulated fully by the district court, the issuance of a detailed opinion by this court would be duplicative and serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its opinion filed August 1, 2001, as amended by the court's order of August 13, 2001.