**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kumaralingam NAGALINGAM,**
**Defendant–Appellant.**

No. 03–5461.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 2004.

Before SUTTON and COOK, Circuit Judges; and ROSEN, District Judge.*

## ORDER

Kumaralingam Nagalingam, proceeding pro se, appeals a district court judgment dismissing his petition for a writ of error coram nobis construed as filed under the All Writs Act, 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Nagalingam was convicted of twenty-six counts of mail fraud and ninety-five counts of illegally selling sample prescription drugs, and was sentenced to fifteen months in prison. This court affirmed his convictions on direct appeal in *United States v. Nagalingam*, No. 97–6433, 1998 WL 739822 (6th Cir. Oct. 6, 1998) (unpublished). Nagalingam has filed eight prior actions which were related to his convictions.

In the instant petition, Nagalingam essentially asserted that he was wrongfully convicted because no expert witness was available concerning the then new practice of billing by bundling medical procedures. The district court dismissed the action as meritless.

Nagalingam has filed a timely appeal, reasserting his claim.

This court reviews de novo the district court's determination of legal issues in coram nobis proceedings. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001); *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir.1996). The district court's findings of fact are upheld unless clearly erroneous. *Johnson*, 237 F.3d at 755; *Blanton*, 94 F.3d at 230. Although there is some question as to the continued viability of the writ of error coram nobis, *see United-ed States v. Beggerly*, 524 U.S. 38, 45, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998), it appears that it has been abolished only in civil actions. It survives in criminal actions where, as here, relief under 28 U.S.C. § 2255 is not available because the petitioner is not in custody pursuant to the challenged conviction. *See Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *Johnson*, 237 F.3d at 754.

However, a writ of error coram nobis is rarely granted:

> Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character—*e.g.*, errors rendering the proceedings themselves invalid. *See id.* To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

*Johnson,* 237 F.3d at 755 (citing *Blanton,* 94 F.3d at 230).

Nagalingam has not alleged any previously unknown error of fact which creates a fundamental injustice. Rather, he merely raises legal challenges concerning the validity of his convictions. Nagalingam was aware of the facts underlying his arguments at the time of trial, and therefore the arguments are insufficient to entitle him to coram nobis relief. *See Blanton,* 94 F.3d at 230.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.