**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel L. McCLELLAN, Defendant–
Appellant.**

No. 00–5368.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

This is an appeal from a judgment and commitment order in a criminal prosecution in which the only issue presented goes to the application of the sentencing guidelines. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Daniel L. McClellan was named in a two-count indictment as being a felon in possession of a firearm and ammunition. The district court eventually accepted McClellan's plea to one count of the indictment and found him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced McClellan to a seventy-month term of imprisonment, to be followed by a two-year period of supervised release, and this appeal followed.

On June 2, 1999, Tennessee law enforcement officers effected a traffic stop of a vehicle driven by McClellan. The officers found that McClellan, a convicted felon, was transporting an operable pistol and several rounds of live ammunition. McClellan's motion to suppress the introduction of the gun and ammunition was unsuccessful and the case proceeded to a jury trial on the charges stemming from his possession of these items. The government presented its case-in-chief and McClellan's counsel moved for a dismissal of the charges. The district court denied the motion and McClellan decided to plead to the first count of the indictment. The district court accepted McClellan's plea and set the matter over for preparation of a pre-sentence report.

The only objection to the report relevant to the present appeal was registered by counsel for McClellan. That objection was directed to the evaluation of the probation officer that McClellan was not entitled to a reduction in his base offense level for acceptance of responsibility under USSG § 3E1.1. The district court entertained argument and found that, although not conclusive, McClellan's decision to plead only after making the government proceed to trial and present its case-in-chief was a strong indication that he had not accepted responsibility for his actions. On appeal, counsel assigns this decision as the only appealable error.

A defendant who clearly demonstrates that he accepts responsibility for his offense may be entitled to a reduction in his base offense level pursuant to the terms of USSG § 3E1.1 This court ordinarily will review a trial court's conclusion that a defendant is not entitled to a sentence reduction for acceptance of responsibility, generally a factual question, for clear error. *See* 18 U.S.C. § 3742; *United States v. Tilford,* 224 F.3d 865, 867 (6th Cir.2000). When the facts are undisputed, we review de novo the district court's application of the sentencing guidelines to those facts. *United States v. Harper,* 246 F.3d 520, 525 (6th Cir.2001).

A defendant bears the burden of demonstrating that he is entitled to a reduction of his base offense level for acceptance of responsibility under USSG § 3E1.1. *United States v. Walker,* 182 F.3d 485, 487 (6th Cir.1999) (citing *United States v. Mahaffey,* 53 F.3d 128, 134 (6th Cir.1995)). In most cases, acceptance of responsibility is indicated by entering a plea of guilty. *See, e.g., Tilford,* 224 F.3d at 867. A district court faced with a request for an acceptance of responsibility reduction from one who has pleaded guilty may legitimately consider the point in the prosecution at which a defendant offered his plea in deciding the question. Generally, entry of a plea prior to the commencement of trial is

404

significant evidence that a defendant has accepted responsibility for his actions; offering a plea only after forcing the government to present its case and being convicted is evidence that the defendant is not entitled to a § 3E1.1 reduction. USSG § 3E1.1, comment. (n. 2 & 3).

The district court's decision will not be disturbed on appeal. The record shows that McClellan offered his plea only after losing a battle to exclude the fruits of the automobile stop and hearing the prosecution's entire case against him. The drafters of § 3E1.1 anticipated this commonplace defense strategy and specifically wished to deny the benefit of § 3E1.1 to most defendants who engaged in it. The district court did not err in concluding that, rather than accepting responsibility for his criminal actions, McClellan's plea reflected his assessment that he was about to be convicted of the crimes charged. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.