**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel L. MCCLELLAN, Defendant– Appellant.**

**No. 00–5606.**

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2002.

Before KENNEDY and DAUGHTREY, Circuit Judges; BELL, District Judge.*

### ORDER

This is an appeal from an order denying a post-trial motion for a writ of error coram nobis. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Daniel L. McClellan was named in a two-count indictment as being a felon in possession of a firearm and ammunition. The district court accepted McClellan's plea to one count of the indictment and found him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced McClellan to a seventy-month term of imprisonment, followed by a two-year period of supervised release, and his appeal from this decision was docketed in this court as Case No. 00–5368. (A panel of this court recently affirmed McClellan's conviction and sentence in this appeal. *United States v. McClellan*, Case No. 00–5368, 2001 WL 1176417, 20 Fed.Appx. 402 (6th Cir. Sept. 25, 2001) (order).) McClellan then filed a pro se pleading styled as a "Motion in nature of application for writ of coram nobis." The district court denied this mo-

tion, and McClellan's appeal from this latter decision is now before the court.

The writ of error coram nobis is used to vacate a federal sentence or conviction when a motion to vacate sentence under 28 U.S.C. § 2255 is unavailable. *Lowery v. United States*, 956 F.2d 227, 228–29 (11th Cir.1992) (per curiam). The writ was used at common law to correct errors of fact. *United States v. Morgan*, 346 U.S. 502, 507, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam). A writ of error coram nobis will not issue unless the petitioner demonstrates: 1) an error of fact that was unknown at the time of trial, 2) which creates such a fundamental injustice that it probably would have altered the outcome of the challenged proceeding if it had been known. *Blanton v. United States*, 94 F.3d 227, 230–31 (6th Cir.1996). This court reviews de novo a district court's determination of legal issues in coram nobis proceedings. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001). The court's findings of fact are upheld unless clearly erroneous. *Id.* at 755; *Blanton*, 94 F.3d at 230.

McClellan pleaded guilty to being a felon in possession of a firearm. The superseding indictment listed four predicate state felonies upon which the federal felon/firearm violation was based. At no time prior to the entry of the judgment and commitment order did McClellan or his counsel question the validity of any of the four state court felonies. Instead, McClellan waited until after he had taken a direct appeal from his conviction and sentence before he attempted to challenge the constitutionality of the prior convictions. The vehicle by which McClellan posed these challenges is the motion seek-

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

ing a writ of error coram nobis. In that motion, McClellan raised one issue only, namely, that the prior state court felonies to which he had pleaded guilty were constitutionally defective. The alleged defect was that McClellan's pleas were not voluntary as no one had advised him that the convictions might be used to enhance subsequent criminal convictions. The district court denied the motion, along with other miscellaneous motions, noting that the writ of error coram nobis was not the proper method for challenging the court's use of the prior convictions for sentencing purposes.

McClellan took a separate appeal from the district court's order denying the motion for a writ of error coram nobis. McClellan filed a brief pro se in which he lists nine distinct issues for appellate review. Not one of these proposed issues goes to the constitutionality of McClellan's prior convictions. The first three issues are addressed to the sufficiency of the indictment and the legality of the federal prosecution generally; the final six issues raise claims of trial error.

This appeal lacks merit for a number of reasons. First, McClellan does not reassert on appeal his original challenge to the constitutionality of the four prior state court convictions or the district court's rejection of this claim. Issues raised in district court but not on appeal are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). In addition, a prisoner in custody is barred from seeking a writ of error coram nobis. *Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *Johnson*, 237 F.3d at 754–55. McClellan's attempt to use this proceeding as a second direct appeal from his felon/firearm conviction is not supportable in law. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.