**Abdul–Aziz Rashid MUHAMMAD,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 02–6046.

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 2003.

Abdul-Aziz Rashid Muhammad, Glenville, WV, pro se.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

*ORDER*

This pro se federal prisoner appeals a district court judgment denying his request for a writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, Muhammad was convicted of conspiracy to rob a bank, aiding and abetting in armed bank robbery, using a firearm in the commission of a felony and possession of a firearm by a convicted felon. He filed a direct appeal which was affirmed on October 30, 1991. *See United States v. Muhammad*, 948 F.2d 1449 (6th

Cir.1991). The United States Supreme Court denied Muhammad's petition for a writ of certiorari.

Muhammad thereafter filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. The motion was denied on August 29, 1997. In his § 2255 proceeding, Muhammad presented the same claims presented in his present petition for a writ of error coram nobis. Our court affirmed the denial of a certificate of appealability, as well as Muhammad's motion for a rehearing en banc. The Supreme Court denied a petition for a writ of certiorari.

Thereafter, Muhammad filed a motion pursuant to 28 U.S.C. § 2244 seeking permission to file a second or successive § 2255 motion. Permission was denied by our court on September 18.2001. Muhammad remains in federal custody, serving out a term of imprisonment of forty-seven years and four months.

In his present petition, Muhammad contends that he seeks relief under the All Writs Act because the district court "lacks the Constitutional and Congressional authority to entertain or adjudicate the issues herein ... where the court of record has already demonstrated its disregard for the proper Application of Federal Law." Muhammad presumes that because he has previously been denied relief under § 2255, his case presents compelling circumstances justifying the extraordinary relief permitted by the writ.

The matter was referred to a magistrate judge who issued a report recommending that the petition be dismissed. Specifically, the magistrate judge held that Muhammad is barred from the relief he seeks 1) because coram nobis is unavailable to a prisoner who remains in federal custody; 2) because the same claims previously were rejected by the district court in the § 2255 proceeding; 3) because Muhammad has already been denied permission to file a successive § 2255 motion; and 4) because the claims would be barred by the statute of limitations now applicable to claims brought pursuant to § 2255. The district court adopted the magistrate judge's report and recommendation over Muhammad's objections. This appeal followed.

The district court's judgment is reviewed de novo. *See Blanton v. United States*, 94 F.3d 227, 230 (6th Cir.1996). The district court's findings of fact, however, must be upheld unless clearly erroneous. *Id.*

 The district court properly dismissed Muhammad's request for relief. To be entitled to a writ of error coram nobis, the petitioner must demonstrate: 1) an error of fact; 2) unknown at the time of trial; 3) that is of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. In addition, the writ is available only when a § 2255 motion is unavailable. Generally, this occurs when the petitioner has served his sentence completely and thus is no longer "in custody" as required for § 2255 relief. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001).

Although § 2255 relief is no longer available to him. Muhammad remains a prisoner in federal custody. As a prisoner in custody, Muhammad is barred from seeking a writ of error coram nobis. *Id.* Muhammad is also barred from seeking a writ of error coram nobis for the other reasons stated by the magistrate judge and adopted by the district court.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.