**UNITED STATES of America,
Respondents,**

v.

**Bradford Lee BUTLER, Jr., Petitioner.**

No. C2–03–531.

United States District Court,
S.D. Ohio,
Eastern Division.

Dec. 11, 2003.

Daniel Allen Brown, United States Attorney's Office, Columbus, OH, for Plaintiffs.

David Freeman Axelrod, Vorys Sater Seymour & Pease, Columbus, OH, for Defendant.

## OPINION AND ORDER

MARBLEY, District Judge.

## I. INTRODUCTION

This matter is before the Court on Petitioner's, Bradford Lee Butler Jr.'s ("Petitioner" or "Butler"), Petition for Writ of Error *Coram Nobis* ("Petition," "Writ,"or "*coram nobis*"), filed June 11, 2003. For the following reasons, Petitioner's Petition is **DENIED**.

## II. FACTS

Butler and Kriston Kent Manning, Petitioner's business partner,[1] established and operated three businesses, National Consumer Research ("NCR"), Fulfillment Services Corp. ("FSC") and Data Central ("DC"). Butler was president of NCR, which collected consumer data and sold it to companies such as Coca–Cola and Proctor and Gamble. The other two companies, the government believes, were operated as employment agencies, DC from 1988–1992 and FCS from 1992–1993. Petitioner and Manning claimed these companies supplied NCR with its employees.

The government alleges, conversely, that DC was no more than a fraudulent "shell company," established by Butler and Manning, and consisting only of a bank account and a post office box. The government believes it was set up to lease employees to NCR, so that if NCR was ever audited, Butler and Manning could claim it had no employees, and, therefore, no tax liability.

Petitioner, as President of NCR, made representations to the Interval Revenue Service ("IRS") that NCR leased its employees from DC and FSC. Butler used payroll service companies to pay employees, and the employees' checks showed deductions for federal taxes. Neither Butler nor Manning, however, paid the deducted tax amounts over to the federal government. Instead, the government alleges that the NCR funds that *should* have been used to pay the employee federal taxes to the IRS, instead were used to pay Butler and Manning's salaries and other NCR business expenses.

Upon investigation of these events by the IRS, the government determined that Butler and Manning had failed to pay federal income and social security taxes from 1988–1993 that resulted in a total tax loss of $179,454.97 to the IRS. On February 26, 1998, the United States Attorney for the Southern District of Ohio filed a superseding information charging Petitioner and Manning with one count of conspiracy to evade payment of employment taxes and charging Petitioner with five counts of evasion of employment taxes, in violation of IRC § 7201. On June 4, 1998, Butler filed a motion to dismiss the indictment, claiming the government breached an agreement with him. This Court held a hearing and found no agreement existed; thus, no breach could have occurred. The Sixth Circuit affirmed that finding in *U.S. v. Butler*, 297 F.3d 505, 513 (2002).

---

1. Manning was charged with one count of conspiracy to impede or obstruct the IRS in violation of 18 U.S.C. § 371 and twelve counts of employment tax evasion in violation of 26 U.S.C. § 7201. Manning, however, fled the United States, and at least as of the time of the Sixth Circuit's opinion, remains a fugitive.

Prior to the Sixth Circuit's decision, however, Butler entered a guilty plea to one count of evading taxes under § 7201. On May 7, 1999, this Court sentenced Petitioner to one year imprisonment, a $3,000.00 fine, restitution to the IRS,[2] and three years of supervised release. Petitioner filed a timely appeal with the Sixth Circuit and also filed a single motion seeking a writ of habeas corpus, or, in the alternative, relief pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.[3] The grounds for that motion were ineffective assistance of counsel and alleged failure by the United States to exhaust its administrative remedies. This Court considered that motion and denied it, dismissing the case on September 7, 2000.

Butler now seeks further post-conviction relief pursuant to this Petition for Writ of Error *Coram Nobis* as provided by the All Writs Act, 28 U.S.C. § 1651.

### III. STANDARD OF REVIEW

The All Writs Act, 28 U.S.C. § 1651, authorizes a district court to issue a writ of error *coram nobis*. *U.S. v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954). According to *Morgan*, the writ is an "extraordinary remedy [to be used] only under circumstances compelling such action to achieve justice." *Id.* The Sixth Circuit, likewise, cautions that "[c]oram nobis is an extraordinary writ, used only to review errors of the most

fundamental character—e.g., errors rendering the proceedings themselves invalid." *U.S. v. Johnson*, 237 F.3d 751, 755 (2001); *Blanton v. U.S.*, 94 F.3d 227, 231 (6th Cir.1996). The three-part test for a petitioner seeking *coram nobis* relief requires petitioner to show: "1) an error of fact; 2) unknown at the time of trial; 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Johnson*, 237 F.3d at 755. Finally, upon consideration of a petition for *coram nobis*, "[i]t is presumed the proceedings were correct and the burden rests on the accused to show otherwise." *Morgan*, 346 U.S. at 512, 74 S.Ct. 247; *see also*, *Ybarra v. U.S.*, 461 F.2d 1195, 1198 (citing *Morgan* for the "presumption of regularity when a criminal judgment is assailed in a Coram Nobis proceeding.")

### IV. ANALYSIS

Petitioner asserts three grounds for relief. First, he alleges the government induced him to plead guilty by agreeing to a lower tax loss figure than the higher one that was repeatedly cited in his Pre Sentencing Report ("PSR") and, he argues, was wrongfully used by this Court in deciding his sentence. In this way, Butler argues, the government breached the plea agreement. Butler's second ground for relief alleges he was denied due process because he was convicted under IRC § 7201 for actions not covered by that statute. Third, Butler claims for the second time,[4] that he was denied the effective

---

**2.** This is the only portion of the judgment vacated and remanded by the Sixth Circuit in *U.S. v. Butler*, wherein the Court found this Court should not have delegated the determination of the amount of restitution to the Tax Court or the IRS. 297 F.3d at 519.

**3.** Petitioner initially labeled this motion as a "Petition for Writ of Habeas Corpus or in the Alternative Motion to Set Aside or to Vacate Sentence and Conviction", but after the Court

ruled it was not in the nature of habeas corpus, Petitioner replied and argued relief could be granted to him, in the alternative, pursuant to the All Writs Act, as well. That Act, again, is the basis for Butler's present Petition.

**4.** This also was a ground for Petitioner's earlier § 2255 motion, although there he alleged one of his earlier counselors, Mr. Roberts, was ineffective.

assistance of counsel. Butler offers at least six instances of conduct by David Chappell Winters' ("Winters"),[5] his attorney during the plea bargaining process, which he says demonstrates that Winters' representation of him was constitutionally infirm.

In response, initially, the government points out that Butler already sought post-conviction relief with a petition for writ of habeas corpus or in the alternative to set aside or vacate sentence pursuant to 28 U.S.C. § 2255. Petitioner even argued in response that his relief also could be had under the All Writs Act, 28 U.S.C. § 1651—the same statutory basis for the relief he currently is seeking. The Court, however, denied Petitioner relief then, so the government urges this present action should be dismissed as an improper second and successive motion. The government maintains that "*coram nobis* may not be employed as a subterfuge to circumvent the prohibition against second and successive § 2255 petitions."

Next, the government avers that if, indeed, the Petitioner's relief is in the nature of *coram nobis,* it is unavailable to him because he has not already served his sentence and he is "in custody," even though out on bond on his own recognizance. The government concludes, therefore, that Butler is barred procedurally from seeking *coram nobis* relief. The government argues Petitioner also is prevented from

raising all three of his present grounds for relief because they previously could have been raised in his § 2255 motion or on direct appeal. Two of them were resolved against Petitioner.[6] Thus, the government argues, Petitioner is estopped from bringing his claims now.

### 1. *Coram Nobis* Relief

It is important for this Court first to address the procedural controversies in this matter. A decision on those issues may obviate the need to consider the merits of Petitioner's claims. As a threshold issue, Butler and the government contest whether Butler, procedurally, can seek *coram nobis* relief.

■ Assuming, *arguendo,* that Butler's relief is in the nature of *coram nobis* and not a second § 2255 motion, the Court must look to the All Writs Act, which is the basis for this Writ. It provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651. Although the language is quite broad, the Supreme Court held almost 50 years ago that the writ is an "extraordinary remedy available *only* under circumstances *compelling* such action to achieve justice." *Morgan,* 346 U.S. at 511, 74 S.Ct. 247 (emphasis added). In

---

5. 1) Winters' failure to object to this Court's restitution order; 2) Winters' inducement of Butler to accept the plea agreement without providing him full information about the government's opinion of his prior proffer; 3) Winters' failure to cite Petitioner's desire "to do everything properly ..." on the record at the sentencing hearing; 4) Winters' failure to challenge the government's reliance upon § 7201, which Petitioner now claims does not cover the conduct in which he engaged; 5) Winters' failure to hold the government to its promise to remain silent at sentencing; and 6) Winters's failure to direct the Court's atten-

tion to ways in which Butler could have been spared imprisonment. Also in support of his ineffective assistance claim, Butler provides an affidavit averring that he would not have pled guilty if Winters had told him about the government's opinion regarding his prior proffer.

6. Petitioner's claim that his conduct does not fall within the purview of § 7201 was not raised earlier, although the government urges that it could have been; therefore, Butler should not be able to raise it now.

discussing *Morgan,* the Sixth Circuit has stated, "*Morgan* teaches that a writ of error *coram nobis* may sometimes be used to vacate a federal conviction after the petitioner has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable." *Johnson,* 237 F.3d at 753.

■ The government avers that the *Johnson* language demonstrates that Butler procedurally is barred from seeking *coram nobis* relief because he has not already served his sentence; he remains on bond and has yet to begin serving his sentence. The government further contends *coram nobis* relief is available only to defendants not "in custody," which Petitioner is, according to the government. Butler urges, however, that the government presents an "unjustifiably narrow view of the All Writs Act ..." He claims that *coram nobis* relief is available to someone such as him, who has yet to begin serving his sentence. Additionally, Butler posits, he is not "in custody;" thus, procedurally, he is able to seek relief under the All Writs Act.

■ In the Sixth Circuit, *coram nobis* relief is unavailable to someone "in custody." *Id.* at 755 The *Johnson* Court stated unequivocally, "[a] prisoner in custody *is barred* from seeking a writ of error *coram nobis.*" *Id.; Muhammad v. U.S.,* 76 Fed. Appx. 45, 46, 2003 WL 22146123, *2 (6th Cir.2003) (unpublished) (in similar circumstances where petitioner already had sought and been denied relief under § 2255, the Court held "[a]s a prisoner in custody, Muhammad is barred from seeking a writ of error *coram nobis* "); *U.S. v. McClellan,* 30 Fed.Appx. 340, 342, 2002 WL 104810, *2 (6th Cir.2002) (unpublished) (stating, "a prisoner in custody is barred from seeking a writ of error coram nobis.") (*citing Carlisle v. United States,* 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) and *Johnson,* 237 F.3d at 754–55, and noting, "McClellan's at-

tempt to use this proceeding as a second direct appeal from his felon/firearm conviction is not supportable in law."); *see also Owens,* 235 F.3d at 360 ("Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use § 1651(a) to escape statutory restrictions on those remedies") (*citing* to *Carlisle,* 517 U.S. at 428–29, 116 S.Ct. 1460; *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985)). Hence, if Butler is "in custody," he is barred, procedurally, from seeking *coram nobis* relief.

Petitioner is, at present, on supervised release. Supervised release is evidence that a petitioner is "in custody." *See, Matus–Leva v. U.S.,* 287 F.3d 758, 761 (9th Cir.2002) (finding where petitioner was subject to supervised release he was still "in custody," and, therefore, could not seek *coram nobis* relief). Moreover, by his own admission, Petitioner is "in custody." In his earlier habeas/ § 2255 motion, Petitioner, in arguing that this Court should be a named party in that motion, stated this Court was "holding Petitioner in a confined or restricted setting while on bond ..." Consequently, if this Court either takes Petitioner at his own word from his prior motion or merely recognizes the reality that he presently is on supervised release, he is "in custody." On this basis, alone, Butler is not entitled to *coram nobis* relief.

Another reason Butler is not entitled to *coram nobis* relief is the plethora of authority holding that *coram nobis* relief is *not available* to federal prisoners: 1) because they have *yet to complete their sentences;* and/or 2) because the relief is limited to *former* prisoners—neither of which is Butler's circumstance. *See, e.g., U.S. v. Sawyer,* 239 F.3d 31, 37 (1st Cir.2001) ("Unlike a writ of habeas corpus, a writ of coram nobis is issued once a petitioner is

no longer in custody. Its legal effect is to vacate the underlying conviction."); *Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000) ("writs in the nature of coram nobis are limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction"). These courts undoubtedly recognize the historical context in which the Supreme Court fashioned *coram nobis* relief: to fill a void left by § 2255's requirement that the petitioner be "in custody." One commentator explained,

> [A] section 2255 motion requires that applicants be "in custody" at the time of filing. It is clear that prisoners unconditionally released *after serving federal sentences* pursuant to invalid federal convictions do not meet section 2255's jurisdictional custody requirement. In *United States v. Morgan,* the Supreme Court held that the common-law writ of error *coram nobis* was available to fill this apparent gap in federal post-conviction remedies.

Mee, *Petitioners for Federal Writ of Error Coram Nobis Must Show "Lingering Civil Disabilities" from Erroneous Convictions,* 70 WAULQ 665, 667–68 (1992) (emphasis added). Indeed, *Morgan* makes clear the limited nature of the relief accorded by the writ. While it is true that the Supreme Court rejected the contention that § 2255 was the exclusive remedy for a prisoner's collateral review of his conviction, and endorsed *coram nobis* as another form of relief, its rationale for doing so is telling. 346 U.S. at 511, 74 S.Ct. 247. It reasoned,

> [a]lthough the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected.

As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid. *Id.*

Plainly, the Supreme Court was concerned for defendants unlike Butler, who have served their sentences but continue to suffer ramifications upon reentering the free world. This same concern has haunted many other courts that have held *coram nobis* relief is available in the limited circumstances pertaining to errors of fact, where petitioner has already served his time. *See, e.g., Sawyer,* 239 F.3d at 37 ("The Supreme Court's most recent pronouncement on coram nobis noted that the writ was traditionally available in situations 'such as the defendant's being under age or having died before the verdict.' Because such errors were considered errors of fact, and not errors of the judges, reversing the judgment and expunging the conviction was not considered to be a reversal of their own judgment."). The Supreme Court, however, surely did not contemplate that its remedy would be used, as Petitioner is attempting here, to thwart his sentence from getting underway—the sentence Petitioner received upon knowingly and intelligently pleading guilty.[7] Consequently, because Butler has not already served his sentence and is not facing the prospect of civil ramifications for his conviction, *coram nobis* relief is unavailable to him.

Petitioner urges, nevertheless, that *coram nobis* relief "is to be flexibly applied," so this Court should not hesitate to grant his petition. Besides the reality that the jurisprudence is to the contrary, in that it

---

7. The Court recounted, at the sentencing hearing, its satisfaction that Petitioner knowingly and intelligently pled guilty. It reiterated, "Mr. Butler is an intelligent man, as the Court observed from his testimony on the stand and his various appearances in court. So, he knew what he was doing and he understood it, and his plea was knowingly and intelligently and voluntarily entered."

suggests *coram nobis* relief is limited in nature and should be used sparingly, the case cited by Butler for that proposition, *U.S. v. N.Y. Telephone Co.*, 434 U.S. 159, 172–73, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977), is inapposite. It is not even a criminal case. Rather, there, the Court was considering whether a district court had the power to compel a telephone company to assist federal law enforcement officials. Perhaps even more distinguishable, the Court explained in *N.Y. Telephone Co.* that it had "repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate *to effectuate and prevent the frustration of orders it has previously issued ...*" *Id.* at 172, 98 S.Ct. 364 (emphasis added). In contrast, Petitioner here is seeking *coram nobis* relief, in some sense, to frustrate the order this Court already entered pursuant to Butler's guilty plea.

Furthermore, the Supreme Court, in *Carlisle v. U.S.*, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996), has found that, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." (citing *U.S. v. Smith*, 331 U.S. 469, 475, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947)). The *Johnson* Court, too, has stated, "the writ of *coram nobis* is available *only* 'when a § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief.'" *Johnson*, 237 F.3d at 755 (citing *Blanton*, 94 F.3d at 230). So, especially where, as here, Petitioner already sought § 2255 relief, his suggestion that this Court liberally interpret the *coram nobis* relief he now seeks is not well taken.

Petitioner relies on precedent in other circuits to argue *coram nobis* is available to defendants who have yet to begin serv-ing their sentences. This position, however-er, is contrary to the law in this circuit, as *U.S. v. Johnson* does not stand for that proposition. Petitioner argues that by citing the Eight Circuit's *United States v. Little*, 608 F.2d 296 (1979) decision, the *Johnson* Court endorsed the right of a defendant to seek relief before his sentence begins. *Johnson* cited *U.S. v. Little* for a wholly different proposition, though: that a prisoner *"in custody"* is barred from seeking *coram nobis* relief. *Little* was not relied upon for the proposition that a defendant who has yet to begin serving his sentence *can seek coram nobis* relief. 237 F.3d at 755 ("A prisoner in custody is barred from seeking a writ of error *coram nobis.*" See ... *United States v. Little*, 608 F.2d 296, 299 n. 5 (8th Cir.1979) ... ("Coram nobis lies only where the petitioner has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack.")). Therefore, to the extent that any implication can be drawn from the Sixth Circuit's brief summary of the holding in *U.S. v. Little*, such would be dicta, at best.

The *Little* decision, likewise, does not aid Butler. As with *Johnson*, the Eight Circuit's reasoning regarding the availability of *coram nobis* relief was not central to the holding, because like *Johnson*, the statement was made in the course of explaining why *coram nobis* relief was *not* available to the defendant: because he was "in custody." *Id.* at 299 ("[s]ince, however, Little is again in federal custody on a subsequent conviction and alleges that the latter sentence was enhanced by his previous conviction, it appears that Little's remedy *does not lie in coram nobis* but in a petition for post-conviction relief under 28 U.S.C. § 2255."). Moreover, the Eight Circuit's statement about a prisoner who had yet to serve his sentence was merely

in a footnote, summarizing a 1959 decision by the D.C. Circuit. 608 F.2d at 299 n. 5.

Notably, too, in *Johnson,* the Court was not faced with the situation where, as here, the defendant already sought relief under § 2255. Yet, even under those more severe circumstances where its holding left the federal prisoner without collateral relief under either *coram nobis* or § 2255, the Court found *coram nobis* was unavailable because the petitioner was "in custody." 237 F.3d at 755. *A fortiori,* Butler, who has yet to begin his sentence but has already sought relief under § 2255, cannot seek *coram nobis* relief. Therefore, Butler's Petition for Writ of Error *Coram Nobis* is **DENIED.**

### 2. Request for Evidentiary Hearing

Petitioner also seeks an evidentiary hearing on this matter. However, because his Petition is denied on procedural grounds there is no need for an evidentiary hearing. *See Johnson,* 237 F.3d at 755 ("[i]f Johnson is procedurally barred, there is no point in taking evidence to determine whether relief might be warranted *if* it were not procedurally barred."). Hence, Butler's request for an evidentiary hearing, likewise, is **DENIED.**

### V. CONCLUSION

Based on the foregoing analysis, the Court **DENIES,** on procedural grounds, Petitioner's Writ and **DENIES** Petitioner's request for an evidentiary hearing on this matter. This case is **DISMISSED.**

**IT IS SO ORDERED.**